IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Cr. No. 05-189 (JDB) |
| v. | ) | |
| | ) | |
| MICHAEL JACKSON | ) | |
| | ) | |

MOTION TO SUPPRESS EVIDENCE AND STATEMENTS
AND INCORPORATED MEMORANDUM IN SUPPORT AND
REQUEST FOR EVIDENTIARY HEARING

Defendant, Michael Jackson, through undersigned counsel, respectfully moves this Honorable Court to suppress as evidence against him at trial the physical evidence seized by law enforcement agents as the fruit of an illegal stop, search, and arrest. Mr. Jackson also moves to suppress all statements allegedly made by him because they were obtained in violation of his Fifth Amendment right against self-incrimination. This motion is made pursuant to Fed. R. Crim. P. 12(b)(3), and is supported by the discussion below. An evidentiary hearing on this motion is respectfully requested.

STATEMENT OF FACTS[1]

Michael Jackson is charged, in a two-count indictment filed May 19, 2005, with one count of Unlawful Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).

At approximately 9:39 p.m. on March 8, 2005, members of the Metropolitan Police Department (hereinafter "MPD") on the evening tour of duty approached a blue Honda Accord

---

[1] This statement of the facts is a summary based on the P.D. 163 police report and the Rule 16 statements the government indicates Mr. Jackson made in its discovery response. By including in this motion the facts as alleged by government witnesses, Mr. Jackson does not in any way concede that these facts are accurate or true.

station wagon bearing District of Columbia temporary tags. At some point, Mr. Jackson and Ms. Mason, the two occupants of the vehicle, were placed under arrest for possession of an open container of alcohol. Following the individuals' arrest, a firearm and a cigarette containing a green, weed-like substance were recovered from inside a black purse found inside the vehicle.

**ARGUMENT**

**I.    THE PHYSICAL EVIDENCE MUST BE SUPPRESSED AS THE TAINTED FRUIT OF MR. JACKSON'S ILLEGAL STOP.**

The Fourth Amendment of the United States Constitution requires that all searches and seizures, including searches and seizures of the person, be "reasonable." Vernonia School District 47J v. Acton, 515 U.S. 646 (1995). In order for warrantless searches and seizures to be "reasonable," they must be supported by a limited exception to the warrant requirement, such as probable cause. New Jersey v. T.L.O., 469 U.S. 325, 341-42 (1985). In the instant case, the stop and arrest of Mr. Jackson not only were conducted without a warrant, but were based on no legitimate exception to the warrant requirement. Mr. Jackson's stop, as well as the resulting search and seizure conducted by the law enforcement officers, were therefore unreasonable. Exclusion of the evidence recovered as a result of this Fourth Amendment violation is the appropriate remedy. Wong Sun v. United States, 371 U.S. 471 (1963). In addition, any statements allegedly made by Mr. Jackson after his unreasonable seizure must be suppressed as tainted fruit of the illegal seizure. Taylor v. Alabama, 457 U.S. 687 (1982); Brown v. Illinois, 422 U.S. 590, 605 (1975) (statements made after an illegal detention were irreparably tainted by illegal detention).

A seizure occurs in one of two circumstances: (1) officers apply physical force to the

individual, and/or (2) the individual submits to a show of authority by law enforcement officers. California v. Hodari D, 499 U.S. 621, 626 (1991).  In order to seize an individual, officers must have either (1) probable cause to arrest the individual, see Michigan v. DeFillipo, 443 U.S. 31, 36 (1979), or (2) reasonable suspicion to conduct an investigatory stop, see Terry v. Ohio, 392 U.S. 1, 20-27 (1968).

Officers can conduct an arrest when there exist "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." DeFillipo, 443 U.S. at 37.  Officers can conduct an investigatory stop when they have reasonable suspicion, based upon articulable facts, that criminal activity "'may be afoot.'" United States v. Sokolow, 490 U.S. 1, 7 (1989) (citing Terry, 392 U.S. at 30). The government bears the burden of adducing sworn testimony sufficient to satisfy this Court that the facts and circumstances known to the seizing officers at the time they stopped Mr. Jackson justified that seizure.  See Florida v. Royer, 460 U.S. 491, 500 (1983); United States v. Allen, 629 F.2d 51, 55 (D.C. Cir. 1980)

In this case, evidence adduced at an evidentiary hearing will establish that Mr. Jackson's stop and seizure were unlawful and that there was no probable cause to support his arrest.  The government will not be able to adduce sufficient sworn testimony to demonstrate that the MPD officers possessed the requisite probable cause or reasonable suspicion to stop Mr. Jackson when they did. Specifically, given that they had not observed any illegal activity, the officers had no reason to stop the vehicle in which Mr. Jackson was seated when they did. Because the  firearm was recovered after Mr. Jackson was illegally seized, and because the alleged statements were made after he was illegally seized, the physical evidence and the statements must be suppressed

as the tainted fruit of the illegal seizure.  Taylor, 457 U.S. 687 (1982); Wong Sun, 371 U.S. 471 (1963).

**II.     MR. JACKSON'S STATEMENTS MUST BE SUPPRESSED AS FRUITS OF AN ILLEGAL SEIZURE AND OBTAINED IN VIOLATION OF  MIRANDA V. ARIZONA AND HIS FIFTH AMENDMENT RIGHTS.**

Mr. Jackson suffered an illegal stop and arrest.  Since the stop of Mr. Jackson was invalid and unjustified, any statements made by Mr. him are also inadmissible under the Exclusionary Rule.  The Exclusionary Rule applies to exclusion of derivative evidence, both tangible and testimonial, that is the product of unlawfully seized evidence or is acquired as an indirect result of such conduct.  Wong Sun v. United States, 371 U.S. 471, 487-88 (1963).  In Brown v. Illinois, 422 U.S. 590, 605 (1975), the Court found that statements made after an illegal detention were irreparably tainted by illegal detention.  As a result, the illegal seizure of Mr. Jackson mandates not only that the physical evidence recovered by that seizure be suppressed, but that his statements be suppressed as well.  Alternatively, if this Court finds that the seizure of Mr. Jackson was not unreasonable, Mr. Jackson's statements should be suppressed as violative of Miranda v. Arizona, and of Mr. Jackson's Fifth Amendment right against self-incrimination.

The government has alleged that Mr. Jackson made statements to police officers after his arrest.  Before introducing those statements at trial, either in its case-in-chief or as impeachment or rebuttal evidence, the government bears the burden of proving that the statements were voluntary.  See Lego v. Twomey, 404 U.S. 477 (1972).  The test for voluntariness is whether a statement is the "product of an essentially free and unconstrained choice by its maker."  Culombe v. Connecticut, 367 U.S. 568, 602 (1961).  The determination of whether a statement was made voluntarily "requires a careful evaluation of all the circumstances of the interrogation."  Mincey

v. Arizona, 437 U.S. 385, 402 (1978).  The Court must consider the "totality of the circumstances" in deciding whether the defendant made his statement voluntarily.  Fikes v. Alabama, 352 U.S. 191 (1957); see also  Gallegos v. Colorado, 370 U.S. 49 (1962) (determination of whether an accused's statement was made involuntarily so as to render it inadmissible requires close scrutiny of the facts of each individual case); Clewis v. Texas, 386 U.S. 707 (1967).

Specifically, the Court must examine the efforts to overbear the defendant's free will in relation to his capacity to resist those efforts.  Davis v. North Carolina, 384 U.S. 737 (1966); Culombe, 367 U.S. at 607.  The Court must examine the defendant's "background, experience, and conduct," North Carolina v. Butler, 441 U.S. 369, 375 (1979), to determine whether his statements were the product of a rational intellect and a free will.  Blackburn v. Alabama, 361 U.S. 199, 208 (1980).  Here, the evidence at a hearing will show that any statements made by Mr. Jackson were made involuntarily and thus must be suppressed under the Fifth Amendment.

Even if the statements were made voluntarily, Miranda requires suppression of Mr. Jackson's statements during the government's case-in-chief because he was not adequately apprized of his right against self-incrimination prior to undergoing custodial interrogation.  See, e.g., Pennsylvania v. Muniz, 496 U.S. 582, 110 S. Ct. 2638, 2643-44 (1990). A person is in "custody" under Miranda when he "has been . . . deprived of his freedom of action in any significant way."  Miranda v. Arizona, 384 U.S. 436, 444 (1966).  Whether a person is in custody depends upon "how a reasonable man in the suspect's position would have understood his situation." Berkemer v. McCarty, 468 U.S. 420, 442 (1984).  "[T]he term 'interrogation' under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are

reasonably likely to elicit an incriminating response from the suspect." Rhode Island v. Innis, 446 U.S. 291, 301 (1980).

In the case at hand, once the police officers placed Mr. Jackson under arrest, he was in custody for purposes of Miranda, because his freedom of movement was constrained. Accordingly, any statements made in response to questioning must be suppressed and any evidence seized as a result of those statements must be suppressed as well.

The government bears the heavy burden of establishing that proper Miranda warnings were given to the defendant and that an intelligent and voluntary waiver of those rights occurred prior to questioning of the defendant. Miranda, 384 U.S. at 475. As the Court recognized in Moran v. Burbine, 475 U.S. 412 (1986),

> First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the "totality of circumstances surrounding the interrogation" reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the Miranda rights have been waived.

Id. at 421.

In the present case, the facts and circumstances surrounding the arrest of the defendant do not support a finding either (1) that Mr. Jackson was adequately apprized of his Miranda rights, or (2) that any alleged waiver of his Miranda rights was a knowing, voluntary, and intelligent one. Thus, the statements must be suppressed, as well as any evidence seized as a result of those statements.

## **CONCLUSION**

For the foregoing reasons, and any other reasons that the Court may deem just and

reasonable, Mr. Jackson requests that the Court suppress any evidence and statements obtained by the officers as a result of his illegal arrest. Mr. Jackson respectfully requests an evidentiary hearing on this motion.

        Respectfully submitted,

        A.J. KRAMER
        FEDERAL PUBLIC DEFENDER

        _____/s/_____
        Lara G. Quint
        Assistant Federal Public Defender
        625 Indiana Avenue, N.W., Ste 550
        Washington, D.C.  20004
        (202)  208-7500

## CERTIFICATE OF SERVICE

I, Lara Gabrielle Quint, Assistant Federal Public Defender, hereby certify that a copy of the motion has been electronically served upon Wanda Dixon, Esquire, Assistant United States Attorney

        /s/
        LARA G. QUINT
        Assistant Federal Public Defender

**DATE:** July 13, 2005.