IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Cr. No. 05-189 (JDB) |
| v. ) | |
| ) | |
| MICHAEL JACKSON ) | |
| ) | |

DEFENDANT'S MOTION TO EXCLUDE USE OF PRIOR CONVICTIONS

Mr. Michael Jackson, through undersigned counsel, respectfully moves this Honorable Court, pursuant to Federal Rule of Evidence 609, to exclude the use of prior convictions to impeach Mr. Cleveland should he chose to testify at trial.

BACKGROUND

Michael Jackson is charged, in a two-count indictment filed May 19, 2005, with one count of Unlawful Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).

At approximately 9:39 p.m. on March 8, 2005, members of the Metropolitan Police Department (hereinafter "MPD") allegedly approached a blue Honda Accord station wagon bearing District of Columbia temporary tags. At some point, Mr. Jackson and Ms. Mason, the two occupants of the vehicle, were placed under arrest for possession of an open container of alcohol. Following the individuals' arrest, a firearm and a cigarette containing a green, weed-like substance were allegedly recovered from inside a black purse found inside the vehicle.

ARGUMENT

Although Fed. R. Evid. 609(a)(1) permits the use of prior felony convictions, such convictions may be used to impeach a defendant only if the probative value of the conviction outweighs the prejudicial effect to the accused. Notably, Rule 609, unlike Fed. R. Evid. 403, does not require that the prejudicial effect substantially outweigh the probative value of the evidence but, rather, that the probative value of the conviction outweigh the prejudicial effect.

In this case, the government has failed to show that there are specific circumstances demonstrating that the probative value of the proffered offenses outweighs the inevitable prejudicial impact. See United States v. Lipscomb, 702 F.2d 1049, 1063 ("When the defendant is impeached by a prior conviction, the question of prejudice, as Congress well knew, is not if, but how much."). The government presents no specific facts or reasons suggesting that these convictions are particularly probative of truthfulness in this case. All felonies have some probative value as to credibility, see Lipscomb, 702 F.2d at 1063 n.54, but this proposition is simply a starting point.

With respect to possession of a firearm, it is not an offense that, by its nature, involves deception or stealth. See, e.g., United States v. Gordon, 383 F.2d 936, 939 (D.C. Cir. 1967) ("Acts of violence . . . , which may result from a short temper, a combative nature, extreme provocation, or other causes, generally have little or no direct bearing on honesty and veracity). As to the robbery and drug-related offenses, the government has set forth no specific facts indicating that the convictions are particularly probative in the present case. Whatever probative value the defendant's prior convictions might have stems only from the generic inference that commission of a felony – any felony – demonstrates a conscious disregard for the law. Id. at 1071. The generic inference that an individual who has committed a felony offense is more

likely to break the law is weak at best; the specific inference that such an individual will break the law by consciously disregarding his oath to tell the truth is even more attenuated.

Informing the jurors of the nature of the prior convictions, particularly when two of the prior convictions involve possession of a firearm, would significantly prejudice Mr. Jackson because there is a significant risk that the jury may infer from the fact of prior convictions for gun possession that Mr. Jackson committed the offense at issue in this case. That prejudice outweighs any probative value that disclosing the nature of the conviction would provide.

CONCLUSION

For the foregoing reasons, Mr. Jackson respectfully moves this Honorable Court to exclude the use of the evidence of the prior convictions proffered by the government.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____

LARA G. QUINT
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500

## CERTIFICATE OF SERVICE

I, Lara G. Quint, Assistant Federal Public Defender, hereby certify that I have electronically served a copy of the attached Motion to Exclude Prior Convictions upon Wanda Dixon Frances, Esquire, Assistant United States Attorney.

/s/

LARA G. QUINT
Assistant Federal Public Defender

**DATE:** July 15, 2005

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) <br> ) <br> v.           ) <br> ) <br> **CLIFTON CLEVELAND**      ) <br> _____) | Cr. No. 04-0089 (RMU) |

## ORDER

Upon consideration of the Defendant's Motion to Exclude Prior Convictions, it is by the Court hereby

**ORDERED** that the Defendant's motion is GRANTED and that evidence of his prior convictions will be excluded from evidence at trial.

**SO ORDERED**, this _____ day of _____, 2004.

_____
RICARDO M. URBINA
UNITED STATES DISTRICT JUDGE

Copies to:

Lara Quint, AFPD

Tricia Francis, AUSA

_____