UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No.: 05-189(JDB) |
| | : | |
| **MICHAEL JACKSON,** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE TO DEFENSE MOTION TO EXCLUDE USE OF
EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS PURSUANT
TO FEDERAL RULE OF EVIDENCE  609**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, opposes the defense motion to exclude evidence of defendant's prior convictions to impeach defendant, should he choose to testify, pursuant to Fed. R. Evid. 609.  In support of its opposition, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing regarding this notice:

**I. Background.**

1. Defendant is charged with unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for more than one year.   Defendant has been previously convicted of the following offenses:

      a.      the felony offense of Carrying a Pistol without a License, with related charges of possessing an unregistered firearm and ammunition -  F03403-02, in the Superior Court of the District of Columbia, on April 3, 2003 for which he received a total sentence of 12 months;

      b.     the felony offense of Possession of a Firearm with Drugs in Portsmouth, Virginia, on July 16, 1996, for which he received a sentence of 1 year;

   c.  the felony offense of Robbery in Portsmouth, Virginia, on July 16, 1996, for which he received a sentence of 8 years, with 4 years suspended and 4 years probation.

 Should defendant choose to testify, we seek to use these convictions, pursuant to Fed. R. Evid. 609(a)(1), to impeach him.

 **II.  Fed. R. Evid. 609(a)(1).**

 2. "[E]vidence that an accused has been convicted" of a crime punishable by more than one years' imprisonment may be used to impeach him if the probative value outweighs the prejudicial effect. Fed. R. Evid. 609(a)(1). Each of the crimes mentioned above was punishable by more than one years' imprisonment. He was released from custody on the Carrying a Pistol without a License case within the last ten years. This Court should permit the use of those convictions to impeach the defendant because its probative value outweighs any prejudicial effect. United States v. Lipscomb, 702 F.2d 1049 (D.C. Cir. 1983) (en banc).

 3. In Lipscomb, the Court of Appeals held that "all felony convictions are probative of credibility to some degree." Id. at 1062. Accordingly, should he choose to testify, the defendant's credibility will be a central issue. The probative value of the convictions, therefore, is quite high.

 With respect to the prejudice prong, the Court of Appeals has recognized that, while all impeachments with a prior conviction involve some prejudice, the operative question is "how much?". Id. Here, the prejudicial effect of using these convictions for impeachment is outweighed by their probative value. See United States v. Lewis, 626 F.2d 940, 951 (D.C. Cir. 1980). In Lewis, the court also noted that "it is of prime importance that the jury be given as much help in determining credibility as the Rules of Evidence permit. . . . It is unfair and misleading to a jury, when credibility is an issue, to refuse to admit relevant evidence that is directly probative on that issue." Id. at 950.

**III. Fed. R. Evid. 609(b).**

    4. Fed. R. Evid. 609(b) places a temporal restriction on the use of convictions for impeachment purposes: "Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date . . ." Here, the disposition in the earliest case, the Virginia Robbery, was on July 16, 1996, and all of the other convictions occurred within the last ten years. Thus, the convictions may properly be used for impeachment.

    WHEREFORE, for these reasons and any other reasons that may appear to the Court at a hearing on the matter, the defense motion should be denied.

    Respectfully submitted,

    KENNETH L. WAINSTEIN
    United States Attorney

BY: _____
    WANDA J. DIXON
    Assistant United States Attorney
    Organized Crime and Narcotics Trafficking Section
    555 Fourth Street, N.W., Room 4235
    Washington, D.C. 20530
    202/514-6997